```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                        -v-                                 :
                                                            :          20-CR-493 (VSB)
                                                            :
MOISES LLUBERES,                                            :
                                                            :              ORDER
                        Defendant.                          :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/6/2021

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of the letter motion dated February 19, 2021, of Defendant Moses Lluberes ("Defendant Lluberes" or "Lluberes") to modify "his bail conditions by releasing $230,000 of the $286,588.16 cash portion of his bond." (Doc. 43 at 1.) On February 24, 2021, the Government filed its opposition to Lluberes' letter motion, (Doc. 45), and Lluberes filed his reply on March 5, 2021, (Doc. 48). I am also in receipt of the Government's application for a post-indictment restraining order which has been submitted under seal.

      As the parties are aware, a pretrial conference is scheduled for Wednesday, April 7, 2021, at 2:00 p.m. The pretrial conference will be held over the phone using the dial-in number 888-363-4749 and access code 2682448. During that conference I will have oral argument on the motion of Defendant Lluberes to modify his bail. I have completed my initial review of Defendant's motion papers and materials related to the Government's application for a post-indictment restraining order. Based upon that review, it is hereby:

      ORDERED that the parties shall provide the following requested documents and shall be prepared to discuss/answer the following topics and questions during Wednesday's pretrial conference:

1

1. Defense counsel should provide a copy of its engagement agreement with Defendant Lluberes and any modifications to that agreement ex parte and under seal by emailing those documents to [BroderickNYSDChambers@nysd.uscourts.gov](BroderickNYSDChambers@nysd.uscourts.gov), and filing the documents under seal.

2. Where is the $286,588.16 ("Cash Bond")?

    a. If the Cash Bond is deposited with the clerk's office would defense counsel or Defendant need to apply to me to access those funds?

    b. If the Cash Bond is deposited with the clerk's office what is the utility of having a restraining order?

3. In Defendant's reply it states that "The government's theory, however neat, is incongruous with even its recitation of the facts: as a longstanding company with thousands of employees and up to $160 million in annual revenue, the government acknowledges that RES was a valued enterprise at the time of the Investor Group's May 2018 acquisition. By definition then, some portion of the $17.5 million paid for RES necessarily reflected the legitimate value of the business." How should I view this claim in the face of the Indictment's assertion that "Forensic Accountants retained by Company-l's attorneys have since identified that Fictitious Receivables totaling approximately $56 million were included in these financial records, resulting in Company-1 having an approximately 430% overvalued enterprise value at the time of the acquisition. In reality, Company-1 was likely insolvent at the time of the acquisition."?

4. In the defense reply it states on page 4 in a parenthetical that "even the allegedly aggrieved 'Investor Group' conceded value, acknowledging that RES retained value of approximately 25% of its original $66 million acquisition valuation". What is the support for this assertion? Is that support before me?

5. If the Investor Group would not have purchased RES had it known about the Fictitious Receivables, could the entire $17.5 million be considered tainted funds?

6. If I find that modification of Defendant Lluberes's bail is not warranted by the record currently before me, how would that impact the alternative request that I hold a *Monsanto* hearing?

7. How much money was in Digital Currency Account-1 prior to May 11, 2018?

8. Other than the fact that Defendant Lluberes has complied with the terms of his release since his release on bail, have any circumstances changed since I made my bail determination?

SO ORDERED.

Dated: April 6, 2021
       New York, New York

*Vernon Broderick* (signature)
Vernon S. Broderick
United States District Judge