

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 3, 2026

**BY ECF**
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:  **United States v. Moises Lluberes**, 20 Cr. 493 (VSB
> **Moises Lluberes v. United States**, 26 Civ. 948 (VSB)

Dear Judge Broderick:

Moises Lluberes has filed a motion, pursuant to 28 U.S.C. §2255, to vacate the financial penalties imposed at sentencing, based in part on allegations of ineffective assistance of counsel in connection with sentencing. The Government respectfully submits that in order to resolve the petition, it is necessary to obtain a statement from prior counsel responding to the allegations of ineffective assistance. *See* Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A statement from prior counsel is necessary because, among other reasons, the defendant claims that counsel failed to file a requested notice of appeal. The Government accordingly requests that the Court enter the attached Order to effectuate this expansion of the record.

By way of background, "[i]t is well settled . . . that the assertion of a claim of ineffective assistance of counsel in a habeas petition constitutes a waiver of the attorney-client privilege." *E.g., Rudaj v. United States*, Nos. 11 Civ. 1782 (DLC), 04 Cr. 1110 (DLC), 2011 WL 2610544 at *3 (S.D.N.Y. June 13, 2011) (citing *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (implicit waiver); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.1991) (waiver when defendant asserts a claim that in fairness requires examination of protected communications)). Given the foregoing, it was, prior to 2010, common practice for prior defense counsel whose assistance was alleged in a § 2255 petition to be ineffective to submit, typically at the request of the Government, an affidavit or statement responding to the allegations. In 2010, however, the American Bar Association's ("ABA") Standing Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*. In that opinion, the ABA committee opined that, even if the evidence sought from the former lawyer is relevant and not privileged, the former lawyer should still not voluntarily disclose the information to the prosecution. Instead, the former lawyer should only disclose such information upon ruling of the court or informed consent from the client. While that ABA opinion has no binding effect,

it has nonetheless inhibited defense lawyers from voluntarily providing affidavits in § 2255 ineffective assistance litigation.

The first Judge of this Court to address the ABA opinion was Judge McMahon in *Douglas v. United States*, Nos. 09 Civ. 9566 (CM), 04 Cr. 1064 (CM), Dkt. 80 (S.D.N.Y. Feb. 28, 2011). Judge McMahon summarized the state of practice as follows:

> As is well settled, where a habeas petitioner raises a claim of ineffective assistance of counsel, the petitioner waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer. *Frias v. United States,* No. 09 Civ. 2537, 2009 WL 1437797 at *1 (S.D.N.Y. May 20, 2009) (quoting *In re Lott*, 424 F.3d 446, 457-58 (6th Cir. 2005) (quoting *Bittaker v. Woodford,* 331 F.3d 715,720 (9th Cir. 2003) (en banc))); *Tasby v. United States,* 504 F.2d 332, 336 (8th Cir. 1974).  Where the defendant's allegations of fact, if credited, would support a finding of ineffective assistance, the court is required to obtain testimony from the attorney, either to support the former client's claim or to undermine it, and (if there is a conflict in the testimony of the movant and his former attorney) to make any needed credibility findings.  The attorney's testimony is mandatory; in nearly every case, it is the only way to test the credibility of the defendant's assertion of ineffective assistance (an assertion that is, in this court's experience, often false).  The relevance of such testimony is obvious and cannot be overstated; without it, any convict who chose to claim that his lawyer was ineffective, and who made a preliminary showing of same, would automatically win reversal of his conviction.
>
> Because the need for the attorney's testimony was patent and the waiver of privilege plain, it has become the practice for attorneys to supply the required testimony (in the form of an affidavit or declaration, which qualifies as testimony and so perfectly acceptable) without obtaining express written consent from the former client.  Formal consent was deemed unnecessary because the client had waived the privilege simply by making the motion.  Additionally, some attorneys have given their testimony without being formally ordered to do so by a court, knowing that the waiver would be given effect and that a court order was guaranteed to issue. In most instances, the testimony was solicited by and given to the prosecutor's office that originally indicted and prosecuted the defendant, since it is the prosecutor that assembles the record in opposition to the § 2255 motion.

*Id.* at 1-2 (alterations to citation format).  In view of the ABA opinion and the Government's request for guidance, Judge McMahon issued the following guidelines:

> 1.  When the court receives a § 2255 motion alleging ineffective assistance of counsel, it will review the motion and transmit it to the Government.  If the Government believes that the motion on its face does not contain sufficient allegations of fact to support the claim of ineffective assistance, it shall so advise the court in a preliminary opposition to the motion.  If the motion can be disposed of on the basis of the Government's preliminary opposition, the court will decide the motion on that basis.

2.  If, however, the Government believes that attorney testimony is needed for it to respond fully to the motion, the Government shall so notify the court.  The court will then issue an order directing counsel to file an affidavit and the petitioner to execute an Informed Consent.

*Id.* at 2.

The Government believes that Judge McMahon's guidelines and form order provide a very useful framework in motions of this nature.  The proposed Order and Informed Consent, attached hereto as Exhibit B, largely follow Judge McMahon's framework, except that they have been modified to remove the suggestion that the ABA opinion has binding authority, or that client consent is needed in the presence of a court order, and to rephrase the explanations and nature of testimony required in the Informed Consent.

### Conclusion

For the reasons set forth above, the Government respectfully requests the Court to enter the proposed Order submitted herewith. No prior request for the relief set forth herein has been made except as may be set forth above.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:  _____s/ Nicholas Chiuchiolo_____
     Nicholas W. Chiuchiolo / Kevin Mead /
     Daniel G. Nessim
     Assistant United States Attorneys
     (212) 637-1247 / -2211 / -2486

2024.08.01

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Moises Lluberes,<br>*Defendant.* | **20 Cr. 493 (VSB)** |
| Moises Lluberes,<br>*Petitioner*<br><br>v.<br><br>United States of America,<br>*Respondent.* | **26 Civ. 948 (VSB)** |

**Order Re: Attorney-Client Privilege Waiver (Informed Consent)**

WHEREAS Moises Lluberes has moved for relief from his conviction pursuant to 28 U.S.C. §2255 on the ground of ineffective assistance of counsel; and

WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of Petitioner's former counsel, Henry Mazurek, Esq., and Illana Haramati, Esq. ("Counsel"), will be needed in order to allow the Government to respond to the motion; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Counsel is needed in order to allow the Government to respond to the motion; and

WHEREAS by making the motion, the movant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof.

2024.08.01

Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*;

IT IS HEREBY ORDERED that Counsel shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by movant; and

IT IS FURTHER ORDERED that Moises Lluberes execute and return to this Court within 60 days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the document is not received by the court within 60 days from today's date, the Court will deny the § 2255 motion, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the motion.

Dated:    New York, New York
          March _9_, 2026

_____
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Moises Lluberes,<br>　　　　　　*Defendant.* | **20 Cr. 493 (VSB)** |
| Moises Lluberes,<br>　　　　　　*Petitioner*<br><br>v.<br><br>United States of America,<br>　　　　　　*Respondent.* | **26 Civ. 948 (VSB)** |

**Attorney-Client Privilege Waiver (Informed Consent)**

To:     Moises Lluberes

You have made a motion under Section 2255 of Title 28, United States Code, to have your sentence set aside on the ground that you received ineffective assistance from your former lawyers, Henry Mazurek, Esq., and Illana Haramati, Esq. (referred to in this form as "your former attorneys"). The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from your former attorneys in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorneys to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorneys a secret—you must allow them to be disclosed to the Government and to the Court pursuant to the Court's Order. The Court has already issued an Order (copy attached) directing your former attorneys to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your sentence on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a Court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

2024.08.01

You should know that if you sign this authorization, you run the risk that your former attorneys will contradict your statements about his or her representation of you. However, you should also know that the Court will deny your motion if you do not authorize your former attorneys to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within sixty (60) days from the date of the Court's Order directing your former lawyers to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the Court will automatically deny your motion.

## NOTARIZED AUTHORIZATION

I have read the Court's Order dated March __, 2026 and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorneys, Henry Mazurek, Esq., and Illana Haramati, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my sentence on the ground of ineffective assistance of counsel. This authorization allows my former attorneys to testify only pursuant to the Court's Order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Date: _____

Petitioner's Signature: _____

Petition's Printed Name: _____

Sworn to before me this _____ day of _____, 20___

_____
Notary Public

2

**Attorney-Client Privilege Waiver (Informed Consent)**